UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Case No:    10-CR-33

COREY D. SEARCY,

    Defendant.

DECISION AND ORDER OVERRULING THE DEFENDANT'S OBJECTION TO THE MAGISTRATE JUDGE'S RECOMMENDATION, ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATION (DOC. # 15), AND DENYING THE DEFENDANT'S MOTION TO SUPPRESS EVIDENCE (DOC. # 12)

        The defendant, Corey Searcy, filed a motion to suppress evidence seized on July 6, 2009, by City of Racine police officers following execution of a search warrant. The matter was referred to Magistrate Judge William Callahan. On April 6, 2010, Judge Callahan issued a Recommendation that this court deny Searcy's motion. Searcy timely filed an objection to the Recommendation, which is now before the court.

        On dispositive matters, including motions to suppress evidence, a magistrate judge may only propose findings and make recommendations. Fed. R. Crim. P. 59(b)(1). A district court must review de novo the recommendations of the magistrate judge to which a party timely objects. Fed. R. Crim. P. 59(b)(2), (3).

        In his motion, Searcy asserts that the search warrant issued by the state court judge and executed by law enforcement on July 6, 2009, lacked probable cause. Specifically, he alleges that the search warrant failed to establish probable cause because the supporting affidavit lacked sufficient details from the confidential informant (CI). He notes that, among other things, the supporting affidavit does not describe any

characteristics of the firearm at issue, does not indicate where in the residence the CI observed Searcy possess the firearm, and does not provide details about the CI's relationship to Searcy. These omissions, according to Searcy, render the statements of the informant unreliable.

Judge Callahan considered and rejected Searcy's arguments. As discussed by Judge Callahan, probable cause for a warrant is established when the supporting affidavit sets forth "sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime," based on the totality of the circumstances. *See United States v. Farmer*, 543 F.3d 363, 377 (7th Cir. 2008) (citing *United States v. Garcia*, 528 F.3d 481, 485-86 (7th Cir. 2008)). When the affidavit includes information supplied by an informant, courts consider: "(1) the extent to which the police have corroborated the informant's statements; (2) the degree to which the informant has acquired knowledge of the events through firsthand observation; (3) the amount of detail provided; and (4) the interval between the date of the events and police officer's application for the search warrant." *Id.* (citing *Garcia*, 528 F.3d at 486); *see also United States v. Mykytiuk,* 402 F.3d 773, 776 (7th Cir. 2005). In assessing whether the facts add up to probable cause, courts give "great deference" to the conclusion of the judicial officer issuing the warrant. *See Garcia*, 528 F.3d at 485 (citing *United States v. McIntire*, 516 F.3d 576, 578 (7th Cir. 2008)).

In concluding that a reasonable judge could find that the supporting affidavit set forth sufficient facts to establish probable cause, Judge Callahan noted that, according to the affiant, the CI claimed to have observed Searcy with the firearm 2220 Harriet Street within the past seventy-two hours, and the affiant believed the CI to be credible based on information he or she had provided to law enforcement previously. Further, the affiant corroborated the CI's statements that Searcy resided at 2220 Harriet Street and was an

active gang member. Relying on *United States v. Garcia*, 528 F.3d 481, Judge Callahan concluded that the totality of the circumstances supported the finding of probable cause. Moreover, Judge Callahan found that even if probable cause was lacking, the evidence survives under the good faith exception discussed in *United States v. Leon*, 468 U.S. 897 (1984).

In his objections to this court, Searcy repeats the arguments he made to Judge Callahan. However, upon review of the record, there are no justifiable grounds for upsetting Judge Callahan's decision. Indeed, in light of *Garcia* and related cases, the affidavit at issue includes facts sufficient to permit a reasonable judicial officer to conclude that there was probable cause for issuance of the search warrant now under attack. The supporting affidavit indicates that the CI's knowledge is firsthand, the time interval between events and application was relatively short, law enforcement corroborated portions of the CI's statements, and the CI had previously provided reliable information to law enforcement. *See Garcia*, 528 F.3d at 486 ("On balance, we agree that a sensible judge could find that the affidavit here set forth sufficient facts to establish probable cause. The information obtained from the informant was based on firsthand observations. The affidavit specifically stated that the informant had been inside the apartment and had observed a substance he believed to be cocaine, packaged in a plastic baggie, in the living room. The affidavit also explained that the informant believed the substance was cocaine because he had been involved in selling cocaine in the past. The time lapse between the officers acquisition of the information and their application for the search warrant—no more than 72 hours—was short. And the affidavit provided information to establish the credibility of the informant: earlier the informant provided information leading to the arrest of at least three persons.").

3

Case 2:10-cr-00033-PP    Filed 06/25/10    Page 3 of 4    Document 33

Further, regardless of the probable cause finding, it is apparent that the good-faith exception applies. As Judge Callahan observed, "an officer's decision to obtain a warrant is prima facie evidence that he or she was acting in good faith." *United States v. Prideaux-Wentz*, 543 F.3d 954, 959 (7th Cir. 2008) (quoting *United States v. Olson,* 408 F.3d 366, 372 (7th Cir. 2005)). A defendant may only rebut this presumption of good faith "'only by showing that the issuing judge abandoned his role as a neutral and detached arbiter, that the officers were dishonest or reckless in preparing the supporting affidavit, or that the affidavit was so lacking in probable cause that no officer could have relied on it.'" *United States v. Curry*, 538 F.3d 718, 730 (7th Cir. 2008) (quoting *Mykytiuk*, 402 F.3d at 777). Searcy points to the last provision, but for the reasons discussed, he cannot show that warrant was so void of indicia of probable cause that a reasonable law enforcement officer would believe it to be invalid.

Therefore, upon review of the materials in the record,

IT IS ORDERED that the defendant's objection to the Magistrate Judge's Recommendation (Doc. # 18) is overruled.

IT IS FURTHER ORDERED that the Magistrate Judge's Recommendation (Doc. # 15) is adopted.

IT IS FURTHER ORDERED that the defendant's motion to suppress evidence (Doc. # 12) is denied.

Dated at Milwaukee, Wisconsin, this 25th day of June, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE